UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
PETRO GRYTSYK, :
:
　　　　　　　　　　　　　　Plaintiff, :
: 19-CV-3470 (JMF)
　　　-v- :
: ORDER
P.O. ANTHONY MORALES, *Shield No. 5056*, et al., :
:
　　　　　　　　　　　　　　Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

　　　　On March 22, 2021, the Court entered an Opinion and Order granting in part and denying in part Defendants' motion to dismiss Plaintiff Petro Grytsyk's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Grytsyk v. Morales*, No. 19-CV-3470 (JMF), 2021 WL 1105368 (S.D.N.Y. Mar. 22, 2021) (ECF No. 83). The Opinion dismissed Grytsyk's claims against several of the named Defendants. On April 20, 2021, Grytsyk filed a notice of appeal, ECF No. 94, corrected the next day at ECF No. 95, purporting to appeal "from that portion of the order entered on March 22, 2021, Docket Entry No. 83, that granted summary judgment to defendants BERGEN, TANSEY, WILLIAMS, O'HARA, SCIALABBA, and HENRY."[1] Later on April 21, 2021, Grytsyk's counsel, Alan Levine, moved to withdraw, citing "irreconcilable differences" with his client. ECF No. 96.

　　　　"As a general matter, the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (cleaned up). This "divestiture rule" is not automatic, however, and does not apply where a party files "a plainly unauthorized notice of appeal which confers on the [appellate] court the power to do nothing but dismiss the appeal." *Id.* at 252; *see, e.g.*, *KB Dissolution Corp. v. Great Am. Opportunities, Inc.*, 705 F. Supp. 2d 326, 328 (S.D.N.Y. 2010) ("[D]istrict courts are not deprived of jurisdiction by the filing of untimely or manifestly defective appeals and appeals from non-appealable orders."). "[C]ourts of appeals shall have jurisdiction of appeals from all final decisions of the relevant district courts. A final judgment or order is one that conclusively determines the pending claims of *all* the parties to the litigation, leaving nothing for the court to do but execute its decision." *KB Dissolution*, 705 F. Supp. 2d at 328 (emphasis added) (cleaned up). The March 22 Opinion and Order is plainly not an appealable final order, as several of Grytsyk's claims remain to be

---

[1] The Notice of Appeal's reference to "that portion of the order . . . that granted summary judgment" is perplexing, as Defendants did not move for, and the Court did not grant, summary judgment for any party. The Court dismissed Grytsyk's claims against the Defendants referenced in the Notice of Appeal for failure to state a claim.

litigated.  Accordingly, this patently improper Notice of Appeal does not impact the Court's jurisdiction over this matter.

No later than **Monday, April 26, 2021**, Mr. Levine shall file (and serve on his client), *ex parte* and under seal, a supplemental affidavit elaborating on what the "irreconcilable differences" are.  Any opposition to the motion to withdraw (by Grytsyk or Defendants) shall be filed no later than **May 5, 2021**.  Any reply shall be filed no later than **May 12, 2021**.

Mr. Grytsyk should endeavor to find new counsel while the motion to withdraw is under consideration to minimize any delays in the event that the motion is granted.

Mr. Levine shall promptly serve a copy of this Order on Mr. Grytsyk and file proof of such service on the docket.

SO ORDERED.

Dated: April 22, 2021
       New York, New York

_____
JESSE M. FURMAN
United States District Judge