

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**RACHEL SELIGMAN WEISS**
*Senior Counsel*
Phone: (212) 356-2422
Fax: (212) 356-3509
rseligma@law.nyc.gov

March 29, 2022

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

           Re:        <u>Petro Grytsyk v. City of New York, et al.</u>,
                        19 Civ. 03470 (JMF)

Your Honor:

      I am a Senior Counsel and Supervising Attorney in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. Defendants write in response to the letter filed unexpectedly last night by plaintiff's counsel. For the reasons set forth herein, plaintiff's 11th hour request to conduct depositions should be denied.

      As Your Honor is aware, fact discovery in this matter is scheduled to close on Friday. This deadline was set by the Court on January 21, 2022. <u>See</u> Civil Docket Entry No. 133. On October 13, 2021 the parties submitted a joint request to extend the deadline to complete discovery which was granted. <u>See</u> Civil Docket Entry Nos. 115, 177. On November 30, 2021, *another* request to extend discovery was submitted and granted by Your Honor. <u>See</u> Civil Docket Entry Nos. 122, 123. Thereafter, on January 20, 2022 the parties submitted a joint request to extend all remaining deadlines, including the deadline for the completion of fact discovery, until April 1, 2022. Your Honor granted this additional request and warned that "plaintiff should not anticipate any further extensions". <u>See</u> Civil Docket Entry No 132, 133. On March 18, 2022, defendants requested an extension of this deadline. <u>See</u> Civil Docket Entry No 137. This request was denied. <u>See</u> Civil Docket Entry No 138.

Notwithstanding the fact that plaintiff has had well *over* a year to conduct depositions, for some reason, he decided to wait until the very last week of fact discovery to even attempt to schedule the depositions of the defendant officers. Counsel now demands, despite the last minute nature of his request and his utter neglect of this case for the last year or so, that his requests immediately be accommodated. Tellingly, plaintiff's counsel offers no reason why he could not conducted these depositions in a timely manner. It also bears noting that counsel never complied with Rule 30's notice requirement.

As explained to plaintiff's counsel, his 11th hour requests are simply not workable at this very belated juncture. The undersigned who supervises this matter is preparing for a trial scheduled to begin next week before the Honorable Loretta A. Preska in the matter of Suhail Laureano v. City of New York, et ano. 17 CV 181 (LAP). As such, I am not available to assist in witness deposition preparation and/or attend depositions this week, next week and even the week after.[1] Since Ms. Holohan has never defended a deposition nor has she prepared a witness for a deposition[2], it would be a dereliction of my duties if I was not involved in this process.

Counsel's suggestion that another senior attorney in the Office of the Corporation Counsel must be available to be present with Ms. Holohan is grossly inappropriate. Plaintiff's counsel has no idea, and apparently no regard, for the case load handled by attorneys in this Division and should not have a say in how this Office supervises and manages its cases. Nor are the attorneys and supervisors who handle these cases fungible as counsel suggests. Attorneys and supervisors in this Division handle and/or supervise their own caseloads which carry their own stringent deadlines. Most crucially, however, this Office should not be prejudiced because plaintiff seeks to cram depositions into the last four days of fact discovery.

Accordingly, plaintiff's request to conduct depositions at this belated juncture should be denied. Thank you for your consideration herein.

Respectfully submitted,

*Rachel Seligman Weiss /s*
Rachel Seligman Weiss

cc: Alan D. Levine, Esq.

Having reviewed the parties' letters at ECF Nos. 140, 141, the Court agrees with Defendant's counsel that Plaintiff's counsel has acted unreasonably in delaying his request for these depositions until the final week of fact discovery. That being said, the parties shall agree on a time to schedule the two depositions Plaintiff has requested between April 18-29, 2022. The fact discovery deadline shall be extended solely for the purpose of taking these depositions. Plaintiff's counsel is warned that any future requests for extensions in this case are unlikely to be granted. The Clerk of Court is directed to terminate ECF Nos. 140, 141. SO ORDERED.

March 29, 2022

---

[1] Trial is scheduled to begin on April 7th. It is anticipated to last 4 to 6 days.
[2] Prior to joining the Law Department approximately five months ago, Ms. Holohan was a District Attorney in Bronx County where depositions were not part of her practice.