UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PETRO GRYTSYK,

                Plaintiff,

            - against -

P.O. ANTHONY MORALES, Shield No. 5056,
LIEUTENANT SUJAT KHAN, SERGEANT MATTHEW
BERGEN, Shield No. 3460,
SERGEANT JEFFREY MURPHY, Shield No. 3634,
SERGEANT DOUGLAS SCHACK, Shield No. 3250,
P.O. CHRISTOPHER TANSEY, Shield No. 2825,
P.O. CHRISTOPHER WILLIAMS, Shield No. 3659,
CAPTAIN O'HARA, P.O. DAVID LACHMENAR, Shield
No. 21671, P.O. JUAN DESALTO, Shield No. 15080,
P.O. LOUIS SCIALABBA, Shield No. 8087, SERGEANT
BRENDAN McGURRAN, Shield No. 3723,
P.O. RICARDO DiCANDIA, Shield No. 18015,
P.O. MATHIMOHMAN MOHANDES, Shield No. 11894,
P.O. JOSE ESPINAL, Shield No. 20735,
SERGEANT VINCENT FORLENZA, Shield No. 3906
P.O. RAHMAN, P.O. GAO, P.O. HENRY, TIMES SQUARE
DISTRICT MANAGEMENT ASSOCIATION, INC. a/k/a
TIMES SQUARE ALLIANCE and THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------------X

19 CV 3470 (JLR)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 793-6363
Our File No. 2371

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................. ii

PRELIMINARY STATEMENT ........................................................1

FACTS ............................................................................................1

ARGUMENT.....................................................................................

    I.    There was no probable cause for any of the summonses issued to plaintiff nor for his arrest. ........................................2

        A. The summonses issued on April 18, 2016................2

        B. Obstructing Governmental Administration...............4

        C. Disorderly Conduct................................................6

    II.    Defendants are collaterally estopped from asserting the defense of probable cause with regard to any of the summonses issued to plaintiff between June 1, 2018 and September 15, 2018. ...............................................................................8

    III.    Plaintiff has a valid cause of action for malicious abuse of process. ...............................................................................12

    IV.    Defendants Morales and Khan are not entitled to qualified immunity for their arrest of plaintiff on April 18, 2016. ...............................................................................13

    V.    Plaintiff has made out a cause of action for malicious prosecution. ...............................................................................15

CONCLUSION ..............................................................................16

## TABLE OF AUTHORITIES

Cases

Ali v. City of New York, 2012 WL 3958154 (S.D.N.Y.) ................................................................ 6
Astoria General Contracting Corp. v. The City of New York, 740 Fed. Appx 747 (2d Cir. 2018) 11
Benny v. City of Long Beach, 2022 WL 2967810 (E.D.N.Y.) ..................................................... 14
Bery v. City of New York, 97 F. 3d 69 (2d Cir. 1996) ................................................................... 1
Brandon v. City of New York, 705 F. Supp. 2d 261 (S.D.N.Y. 2010) ......................................... 13
Clear Channel Outdoor, Inc. v. The City of New York, 194 A.D. 3d 541 (1st Dep't 2021) ......... 12
Crews v. County of Nassau, 2007 WL 4591325 (E.D.N.Y) ........................................................ 13
Diodati v. City of Little Falls, 2007 WL 189130 (N.D.N.Y.) ...................................................... 14
Dowling v. City of New York, 2013 W L 5502867 a(E.D.N.Y.) .................................................... 5
Ford v. McGinnis, 352 F. 3d 582 (2d Cir. 2003) ......................................................................... 14
Harewood v. City of New York, 2012 WL 12884356 (E.D.N.Y.) ............................................... 15
Harlow v. Fitzgerald, 457 U.S. 800 (1982) ................................................................................. 14
Hemphill v. Schott, 141 F, 3d 412 (2d Cir. 1998) ....................................................................... 14
Hildebrandt v. City of New York, 2014 WL 4536736 (E.D.N.Y.) ................................................. 5
In re City of New York v. New York City Civil Service Commission, 6 N.Y. 3d 855 (2006) ...... 12
Lee v. McCue, 2007 WL 2230100 (S.D.N.Y.) .............................................................................. 5
Lennon v. Miller, 66 F. 3d 416 (2d Cir. 1995) ............................................................................. 15
Mendell v. County of Suffolk, 316 F. 3d 368 (2d Cir. 2003) ....................................................... 14
Monahan v. City of New York, 2022 WL 954463 (S.D.N.Y.) ....................................................... 8
People v. Case, 42 N.Y. 2d 98 (1977) ........................................................................................... 6
People v. Cross, 51 Misc. 3d 1210(A) (Crim. Ct., Bronx County 2016) ...................................... 8
People v. Jones, 9 N.Y. 3d 259 (2007) .......................................................................................... 8
People v. Kleckner, 33 Misc. 3d 1219(A) (Crim. Ct., New York County 2011) .......................... 6
People v. Pesola, 37 Misc. 3d 569 (Crim. Ct. New York County 2012) ...................................... 8
People v. Tavares, 24 Misc. 3d 1243(A) (Crim. Ct. New York County 2009) ............................. 8
Quires v. City of New York, 2021 WL 293819 (S.D.N.Y.) ......................................................... 11
Rasmussen v. City of New York, 766 F Supp. 2d 399 (E.D.N.Y. 2011) ........................................ 5
Ricciuti v. NYCTA, 941 F. 2d 119 (2d Cir. 1991) ....................................................................... 16
Schlaepfer v. City of New York, 2022 WL 4484571 (S.D.N.Y.) ................................................... 4
Sloley v. Van Bramer, 945 F. 3d 46 (2d Cir. 2019) ..................................................................... 14
University of Tennessee v. Elliott, 478 U.S. 788 (1986) ............................................................. 10

Statutes

Criminal Procedure Law §30.30 ................................................................................................... 7
Penal Law §195.05 ........................................................................................................................ 4
Penal Law §240.2(5) ............................................................................................................. 6, 7, 8

Other Authorities

New York City Administrative Code Title 48 §6-11 ................................................................. 11
New York City Administrative Code Title 48 §6-19 ................................................................. 11
New York City Charter §1409 .................................................................................................... 11
Rules and Regulations of the City of New York Title 48 §1-46 ................................................ 11

**PRELIMINARY STATEMENT**

Plaintiff Petro Grytsyk submits this memorandum of law in opposition to the motion of defendants for summary judgment. Plaintiff contends that defendants arrested and summonsed him without having probable cause to do so and that therefore their motion should be dismissed in its entirety.

**FACTS**

Plaintiff is an artist who for many years has sold his work from a table located in front of 701 7th Avenue in midtown Manhattan. Pursuant to the court's decision in <u>Bery v. City of New York</u>, 97 F. 3d 69 (2d Cir. 1996), is not required to have a vendor's license issued by the City of New York. He is subject to time and place regulations enacted by the City. Despite his compliance with ordinances and rules that regulate the conduct of his business, he is often issued summonses my New York City police officers.

On April 18, 2016, he was issued three summonses alleging that he was vending in a location where he was not permitted to and that he was not keeping the proper distance from the nearest building to the curb. When he attempted to show the issuing police officer, defendant Morales, and his supervisor, defendant Khan, that his right to vend at that location had been upheld by a ruling of the New York City Environmental Control Board, he was arrested for obstructing governmental administration and disorderly conduct. Ultimately, the summonses were dismissed by an administrative law judge and the obstruction and disorderly conduct charge were both dismissed on speedy trial grounds.

1

After a period of time in which plaintiff was left alone to carry on his business by members of the Police Department, he received a large number of summonses alleging that he was vending in a location where it was not legal for him to be at during the hours that he was present. Every one of these summonses, which were issued in 2018, were dismissed. Most were dismissed because the issuing police officers never appeared at the hearings at which plaintiff had to answer the charges they had brought against him. Several of the hearings resulted in decisions that made clear that plaintiff was free to carry on his business. Nevertheless, despite the fact the plaintiff would show the favorable written opinions of administrative law judges to police officers who approached him at his work, he continued to receive summonses.

Plaintiff contends that there was not probable cause for any of the summonses, nor for his arrest in April 2016. He contends that the officers who arrested him are not entitled to qualified immunity and that he should be permitted to have his case heard by a jury.

## ARGUMENT

### I. THERE WAS NO PROBABLE CAUSE FOR ANY OF THE SUMMONSES ISSUED TO PLAINTIFF NOR FOR HIS ARREST.

#### A. The summonses issued on April 18, 2016.

When plaintiff received two summonses and was placed under arrest by defendant Morales pursuant to the order of defendant Khan on April 18, 2016, the summonses were issued and the arrest made despite the fact that plaintiff showed them a decision of the environmental Control Board that made clear that the summonses were not proper. (Levine Decl., Ex. "2," at 22:16 – 44:2; Ex. "9").

2

Nevertheless, acting at the direction of defendant Khan, defendant Morales issued three summonses to plaintiff, all of which were dismissed by a hearing officer at the Environmental Control Board ("ECB"). As Ex. "5" and "6" to the Levine Decl. demonstrate, at least two of the summonses were bogus. The third one is disputed by plaintiff's deposition testimony. Specifically, plaintiff testified at 16:6 – 17:1; 22:16 – 23:3; and 24:17 – 25:7; of Ex. "2" to the Levine Decl., that he was not working between the hours of 12:00 Noon and 2:00 P.M., and had come back from buying coffee when the incident occurred. Thus, plaintiff disputes the allegation contained in the summons ending in 494, that he was openly selling his artwork at a prohibited time. The allegation contained in that summons that the location was prohibited was false. Equally false were the allegations in the other two summonses issued to plaintiff that his stand was blocking pedestrian traffic and that he was illegally vending in a "no standing" zone. Ex. "6" to the Levine Decl. is a copy of a photograph that was shown to the hearing officer at the ECB hearing on the summons. It clearly illustrates that, because of the construction shed present on the sidewalk, barriers had been placed in the street so as to have the effect of providing a safe area for pedestrians to walk during the construction, in effect widening the sidewalk. The ECB decisions also make clear that the width of the sidewalk testified to by defendant Morales at the hearing was not correct and that the space allotted to pedestrians to walk in the area was the twelve feet legally required. Additionally, the summons that alleged that plaintiff was vending in a "no standing" zone applied to vendors working from motor vehicles and was clearly inapplicable to plaintiff, who was vending from a table. Nevertheless, defendant Morales, despite being shown the 2015 decision of the ECB that clearly held that

3

plaintiff was permitted to offer his art for sale in front of 701 7th Avenue issued plaintiff a summons for doing so and issued him two other summonses that had no relation whatsoever to the actual situation existing right in front of him. Plaintiff was justified in declining to comply with what he correctly considered to be an unlawful order to move his table from the location where he had been vending for ten years and should never have been charged with either obstructing governmental administration or disorderly conduct.

### B. Obstructing Governmental Administration.

In addition to improperly serving plaintiff with the three summonses, defendant Morales charged plaintiff with obstructing governmental administration in the second degree, an A misdemeanor, and with disorderly conduct, a violation. The obstruction statute, which is codified as §195.05 of the Penal Law, reads, in pertinent part, as follows:

> A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, ….

"'Failing to obey a police order, in and of itself, does not constitute a circumstance that gives rise to probable cause for an arrest for obstructing government administration.'" "The failure to obey the order must create 'some other hazard or interference' to rise to the level of obstruction necessary for a charge of obstructing government administration." Schlaepfer v. City of New York, 2022 WL 4484571 at *10 (S.D.N.Y.). (Citations omitted.) Moreover, and very important herein, the officer's order must be one that is authorized by law. Id. And, "words alone, even abusive ones,

4

cannot give rise to probable cause to arrest for obstructing governmental administration as a matter of law." Lee v. McCue, 2007 WL 2230100, at *5 (S.D.N.Y.).

The court, in Hildebrandt v. City of New York, 2014 WL 4536736 (E.D.N.Y.) pointed out, at *4, that "[c]ourts have made clear that the statute requires physical interference with police action to support an OGA arrest."  Thus, citing Dowling v. City of New York, 2013 W L 5502867 at *4 (E.D.N.Y.), the court noted that a failure to obey multiple orders to back up did not give probable cause for an OGA arrest unless the defendant police officer believed that the plaintiff had made at least an attempt to physically interfere with the actions of the other officers involved.  Id.

That court in Hildebrandt cited the same quotation from Rasmussen v. City of New York, 766 F Supp. 2d 399, 403 (E.D.N.Y. 2011) that defendants quote in their brief herein, namely that "merely approaching the police, or speaking during the course of a police action, or disregarding police instructions will support a conviction for OGA." The Hildebrandt court, however, observed, at *6, that "[t]he quoted portion of Rasmussen is pure dicta, however, which itself is unsupported by the three cases it cites." In fact, the court noted that "in Rasmussen itself, probable cause for the OGA arrest was premised on the plaintiff's attempts to physically insert herself between police officers and her handcuffed brother and to break past an officer into a room from which she had already been removed."

The two other cases relied upon by defendants also offer no support for their contention that they had probable cause to arrest plaintiff for OGA.  As plaintiff has pointed out, the cases require actual physical interference for an arrest to meet the statutes requirement.  Each one of the many cases cited and collected in the cases

cited hereinabove by plaintiff involved some sort of human interaction, even if it was merely intimidation with no physical contact involved. As the New York Court of Appeals emphasized in People v. Case, 42 N.Y. 2d 98, 101-103 (1977), the term physical interference in the statute means exactly what it says. Thus, Ali v. City of New York, 2012 WL 3958154 (S.D.N.Y.) is an outlier that has never been cited for support in holding, at *2, that placing a pushcart on a sidewalk meets the statute's definition of physical interference. The other case cited by defendants, People v. Kleckner, 33 Misc. 3d 1219(A) (Crim. Ct., New York County 2011) holding that "[a] defendant's mere refusal to comply with a police officer's order to leave a location where he/she has no right to remain constitutes a physical act sufficient to establish a prima facie case of obstructing governmental administration in the second degree" is at variance with the overwhelming majority of cases decided with regard to the meaning of the term "physical interference" in the statute. Moreover, it has no applicability in this case because, as plaintiff attempted to show defendants Morales and Khan, his right to remain exactly where he was had been upheld in an administrative adjudication.

Plaintiff contends that it should thus be completely clear that he did not violate the statute prohibiting obstruction of governmental administration in the second degree on April 18, 2016, and that, consequently, defendants Morales and Khan had no probable cause whatsoever to place him under arrest.

### C. DISORDERLY CONDUCT.

Defendant Morales charged plaintiff with having committed an act of disorderly conduct prohibited by Penal Law §240.2(5). That portion of the statue states that

> A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof...
> 5. He obstructs vehicular or pedestrian traffic; ...

6

Defendant Morales's signed Criminal Court complaint against plaintiff accused him of "blocking pedestrian foot traffic, causing pedestrians to have to walk around the table to pass on the sidewalk." At his deposition, defendant Morales elaborated on his complaint by testifying that pedestrians had to walk in the street because plaintiff had so thoroughly blocked the sidewalk with the table on which he was displaying his artwork. Neither the disorderly conduct charge nor the OGA charge were ever heard in Criminal Court because no steps were ever taken to prosecute plaintiff, resulting in the criminal complaints both being dismissed pursuant to Criminal Procedure Law §30.30, New York's speedy trial statute. At the Environmental Control Board hearing held on the three summonses that defendant Morales issued to plaintiff, however, it developed that his accusations, to put it generously, stretched the truth. Testimony elicited from plaintiff and his then-wife, who had been vending her art at a table placed adjacent to his, as shown in Ex. "6" to the Levine Decl., showed that a portion of the roadway had been made available to pedestrians as a result of the construction shed located over the sidewalk. In other words, even had plaintiff not been selling his artwork on the sidewalk in front of 701 7th Avenue, pedestrians might have had to, and would have been able to, walk on what amounted to an extension of the sidewalk. Thus, there was no probable cause to arrest plaintiff for obstructing pedestrian traffic as it was not he who was creating an impediment to pedestrian movement. Consequently, defendant Morales had no probable cause to charge plaintiff with disorderly conduct, just as he had no probable cause to charge him with obstruction of governmental administration.

In determining whether someone has obstructed pedestrian traffic sufficient for it to constitute disorderly conduct, "[t]he application of §240.20(5) is fact intensive, and

7

focuses on the extent to which a defendant impeded movement and caused serious annoyance." Monahan v. City of New York, 2022 WL 954463, at *5 (S.D.N.Y.). As New York's highest court stated in People v. Jones, 9 N.Y. 3d 259, 262 (2007), "[s]omething more than mere inconvenience of pedestrians is required to support the charge." For, as the court in People v. Cross, 51 Misc. 3d 1210(A), at *5, (Crim. Ct., Bronx County 2016) "[m]ore often than not, the realities of living in this city require pedestrians to maneuver around various obstacles to reach their intended destination." For, as the court stated in People v. Pesola, 37 Misc. 3d 569, 574 (Crim. Ct. New York County 2012) "[m]ere pedestrian inconvenience is not necessarily 'a risk of disorder'".

Contrasting the facts in this case with those in People v. Tavares, 24 Misc. 3d 1243(A) (Crim. Ct. New York County 2009) in which a complaint stating that the defendant ran down a public sidewalk screaming, thus causing three pedestrians to move out of his way, was found to be sufficient to initiate a prosecution for violating Penal Law §240.20(5) with the facts in this case makes it obvious that defendant Morales had absolutely no probable cause to arrest plaintiff for disorderly conduct on April 18, 2016.

## II. DEFENDANTS ARE COLLATERALLY ESTOPPED FROM ASSERTING THE DEFENSE OF PROBABLE CAUSE WITH REGARD TO ANY OF THE SUMMONSES ISSUED TO PLAINTIFF BETWEEN JUNE 1, 2018 AND SEPTEMBER 15, 2018.[1]

Each one of the summonses issued to plaintiff by defendants to this action between June 1, 2018, and September 15, 2018, was dismissed. They were all

---

[1] Plaintiff withdraws that portion of his claim concerning a summons that may have been issued on October 14, 2018, and a second summons that was issued on August 27, 2018, as neither he nor the New York City Office of Administrative Trials and Hearings presently has a record of this summons having been issued and adjudicated.

8

returnable at the Office of Administrative Trials and Hearings of the City of New York (OATH), which has incorporated the ECB. Copies of the summonses and all but four of the actual decisions of OATH are annexed to the Levine Decl. as Ex. "7." The four that do not have the actual decisions included as part of Ex. "7" do have attached to them the notation from OATH's electronic file that they were dismissed. Several of the dismissals were a result of the issuing officer's failure to provide required documentation to OATH so as to enable an adjudication on the merits to be held. Clearly, failure of a defendant to comply with OATH procedures is not the fault of plaintiff and he should not be required now to relitigate an issue arising from any summons that he was ready to contest but that defendants failed to prosecute.

Five of the summonses issued to plaintiff resulted in decisions upholding his right to vend in front of 701 7th Avenue during the hours when those summonses were issued. Those decisions were rendered on the summonses issued on August 6, 2018, August 14, 2018, August 16, 2018, September 3, 2018, and September 12, 2018. It is plaintiff's contention that this court is required by the doctrine of administrative collateral estoppel to follow those decisions in ruling on defendants' contention that there was probable cause to issue the summonses listed in paragraph "70" of plaintiff's amended complaint.

In Ward v. Harte, 794 F. Supp. 109, 112 (S.D.N.Y. 1992) this court stated that,

> [t]he doctrine of the issue preclusion, or collateral estoppel, bars relitigation of issues necessarily decided in prior proceedings. In this circuit, the following criteria must be satisfied before issue preclusion applies: "(1) the issues in both proceedings must be identical, (2) the issue in the prior proceedings must have been actually litigated and decided, (3) there must have been a full and fair opportunity for the litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits."

9

(Citations omitted.)

The court went on to note that the United States Supreme Court, in <u>University of Tennessee v. Elliott</u>, 478 U.S. 788 (1986) had applied the doctrine to state administrative agencies and had ruled that "federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the state's courts." <u>Elliott</u>, supra, at 799. A series of decisions from the New York Court of Appeals that are cited in <u>Ward</u> hold that in New York "before an administrative finding may be given collateral estoppel effect, it must be shown 1) that the agency possesses adjudicatory authority and 2) that the agency's procedures were substantially similar to those used in a court of law. If these prerequisites are met, so that the court is satisfied that an agency's determination would generally be entitled to preclusive effect then a court must consider whether the individual elements - - identity, decisiveness, etc. - - have been satisfied." <u>Ward</u>, supra, at 115. The court then noted that strict rules of evidence need not be followed so long as the parties would be able to present their testimony and make their cases. <u>Id.</u>, at 116. The <u>Ward</u> court then went on to examine the four elements required to determine whether collateral estoppel could be applied and found that it had in the case before it. <u>Id.</u>, at 116-18.

A similar analysis of the five hearings held to adjudicate summonses issued to plaintiff leads to the conclusion that the test for the application of issue preclusion has been met in this matter. First, the issue in those five hearings, as well as with every other summons that plaintiff lists in his complaint, is whether or not there was probable cause to cite him for vending his art at a time and place where he was not permitted to do so. That is the very same issue raised by defendants in this action. The issue, both

10

in this case and in the hearings, is identical. The issue was actually litigated and decided in all five of the hearings that resulted in a decision on the merits. Third, the defendants did have a full and fair opportunity to litigate the issue before OATH. Section 1049 of the New York City Charter and New York City Administrative Code Title 48 §§6-11, 6-19 and Title 48 of the Rules and Regulations of the City of New York §1-46 provide, *inter alia*, that parties appearing before OATH are entitled to be represented by an attorney, must give sworn testimony and have the right to appeal a decision of an OATH hearing officer to a tribunal charged with hearing appeals. Importantly, Title 48 §1-46 of the Rules and Regulations provides that "technical rules of evidence, including hearsay rules, will not necessarily be required," that "traditional rules governing trial sequence will apply and that principles of civil practice and rules of evidence may be applied to ensure an orderly proceeding and a clear record, ..." Thus, the third required element is satisfied. Finally, both parties had a full and fair opportunity to litigate. If any of the defendants to this action failed to take advantage of this opportunity by failing to appear at a hearing, they should not now be permitted to raise the issue of probable cause when they failed to do so at the appropriate time. As the court in Ward made clear, at 117, "the relevant legal issue is the fairness of the opportunity to litigate." Finally, it is important to note that an aggrieved party who has been the loser at an OATH hearing is not only entitled to appeal the decision to the agency's tribunal but, if still dissatisfied after receiving that body's ruling, may bring a proceeding pursuant to Article 78 of the Civil Practice Law and Rules. See, Astoria General Contracting Corp. v. The City of New York, 740 Fed. Appx 747 (2d Cir. 2018); Quires v. City of New York, 2021 WL 293819 (S.D.N.Y.); Clear Channel Outdoor, Inc. v.

The City of New York, 194 A.D. 3d 541 (1st Dep't 2021). And, it must be noted, the City of New York has the same right to bring an Article 78 proceeding as does any private party. In re City of New York v. New York City Civil Service Commission, 6 N.Y. 3d 855 (2006). Thus, it is clear that all the requirements for collateral estoppel, or issue preclusion, under New York State law have been met herein. Therefore, plaintiff contends that defendants have had a full and fair opportunity to be heard on the issue of probable cause to serve plaintiff with summonses regarding days and times when he is allowed to vend his artwork and that the issue has been conclusively decided in his favor. Consequently, that portion of defendants' motion that seeks to have this court hold that there was probable cause for the issuance of the summonses listed in paragraph "70" of plaintiff's amended complaint should be denied.

### III. PLAINTIFF HAS A VALID CAUSE OF ACTION FOR MALICIOUS ABUSE OF PROCESS.

Ex. "8" to the Levine Decl. is a video made by plaintiff of one of the defendants to this action, telling plaintiff that the NFL Store and the Hershey Store, both of which were located at the street level of 701 7th Avenue, did not want him vending his artwork in front of their establishments. Plaintiff contends that it is this incident that provides him with the basis to allege that the summonses issued to him, of which he complains in this action, constitute a malicious abuse of process.

Federal courts look to state law to find the elements of a claim for malicious abuse of process.

> In New York, a malicious abuse of process claim lies against "a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." "In the criminal context, malicious abuse of process is by definition a denial of procedural due process.... Procedural due process forbids the use of

12

legal process for a wrongful purpose." As [an] example [ ] of the types of collateral objective [ ] covered by this tort, the New York Court of Appeals has cited the infliction of economic harm, ...

Brandon v. City of New York, 705 F. Supp. 2d 261, 275 (S.D.N.Y. 2010). (Citations omitted.)

In order to successfully litigate such a claim, a plaintiff "must prove that the Individual Defendants acted not merely with an improper motive, but to achieve an improper purpose." Crews v. County of Nassau, 2007 WL 4591325 at *12 (E.D.N.Y). In other words, in issuing legal process, defendants must have a purpose other than that of simply prosecuting a plaintiff.

Clearly, plaintiff has met his burden of showing that he has been flooded with summonses, not because he was vending at a time and place where he was not permitted to, but because he was annoying the owners of two retail establishments located on the ground floor of 701 7th Avenue, across the sidewalk from where plaintiff earns his living. Therefore, he should be allowed to prove at trial that at least one motive for issuing him all the improper summonses he has received was to drive him out of business.

### IV. DEFENDANTS MORALES AND KHAN ARE NOT ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ARREST OF PLAINTIFF ON APRIL 18, 2016.

At the summary judgment stage, defendants are entitled to summary judgment "only 'if the court finds that the asserted rights were not clearly established, or the evidence is such that, even when it is viewed in the light most favorable to the plaintiff[] and with all possible inferences drawn in[] her favor, no rational jury could fail to conclude that it was objectively reasonable for the defendants to believe that they were

acting in a fashion that did not violate a clearly established right.'" Ford v. McGinnis, 352 F. 3d 582, 597 (2d Cir. 2003). (Citation omitted). Thus, if there are issues of material fact that the court cannot resolve in deciding the motion, the defendants are not entitled to qualified immunity. Moreover, it is defendants' burden to show that they are entitled to it. Sloley v. Van Bramer, 945 F. 3d 46 (2d Cir. 2019). Thus, where "the reasonableness of [defendants'] beliefs regarding probable cause for plaintiff's arrest depends on whether the court credits plaintiff's or defendants' version of sharply disputed facts," defendants are not entitled to qualified immunity. Diodati v. City of Little Falls, 2007 WL 189130 at *3 (N.D.N.Y.)

In Hemphill v. Schott, 141 F, 3d 412, 418 (2d Cir. 1998), the court stated that "summary judgment based either on the merits or on qualified immunity requires that no disputes about material facts remain." Thus, when plaintiff's and the defendants' accounts of an incident differ substantially from each other on important issues of material fact that have been raised, "this court must leave fact-finding to the jury." Benny v. City of Long Beach, 2022 WL 2967810 at *21 (E.D.N.Y.).

As this court knows, the doctrine of qualified immunity will shield government officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), or if "it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights." Mendell v. County of Suffolk, 316 F. 3d 368, 385 (2d Cir. 2003). When a question of false arrest is raised, "[an] officer's determination is objectively reasonable if there was "arguable" probable cause at the time of the arrest - that is, if "officers of

14

reasonable competence could disagree on whether the probable cause test was met." Lennon v. Miller, 66 F. 3d 416, 423-24 (2d Cir. 1995).

Whether either arguable probable cause or probable cause exist with regard to plaintiff's arrest should be a question for the jury in this case. Not only did plaintiff show the officers a decision of the ECB (predecessor agency to OATH), but he and his then-wife conclusively showed at the hearing on the summonses that led to the arrest that the allegations of those summonses were false and misleading. Thus, as plaintiff has argued hereinabove, the basis for plaintiff's arrest was built on very shaky ground. There are clearly questions of fact with regard to the incident of April 18, 2016 that can only be decided at the trial of this action. Thus, this court should not decide the question of qualified immunity in this action at this time.

### V. PLAINTIFF HAS MADE OUT A CAUSE OF ACTION FOR MALICIOUS PROSECUTION.

Defendants allege that plaintiff has failed to satisfy one of the requirements for maintaining a cause of action for malicious prosecution. They allege that he has not demonstrated malice on the part of defendants. Defendants are incorrect in making this allegation.

Plaintiff has demonstrated hereinabove that there was not probable cause for any of the charges that were brought against him by defendants Morales and Khan. "As a matter of logic, where a plaintiff shows that there is a material issue of fact as to the existence of probable cause to arrest, then a material issue of fact also exists as to whether there was probable cause to prosecute." Harewood v. City of New York, 2012 WL 12884356 at *5 (E.D.N.Y.). "It is well-settled that 'lack of probable cause generally raises an inference of malice sufficient to withstand summary judgment.'" Id., quoting,

15

Ricciuti v. NYCTA, 941 F. 2d 119, 131 (2d Cir. 1991). Thus, plaintiff contends that he has adequately alleged malice in his cause of action for malicious prosecution.

## CONCLUSION

Defendants' motion for summary judgment should be denied in its entirety.

Dated: Forest Hills, New York
December 2, 2022

*Alan D. L*
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 793-6363
Our File No. 2371

TO: SYLVIA O. HINDS-RADIX, ESQ.
Corporation Counsel
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-2249

16