UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETRO GRYTSYK,

                              Plaintiff,

          -against-

P.O. ANTHONY MORALES, et al.,

                              Defendants.

1:19-cv-03470 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

          Plaintiff Petro Grytsyk ("Grytsyk" or "Plaintiff") brings this civil rights action arising

from both his arrest in April 2016 and over 20 summonses that he received in the ensuing years

relating to his street vending.  *See* ECF No. 35 ("Compl.").  On March 22, 2021, the Court

granted in part and denied in part Defendants' motion to dismiss the Amended Complaint.  ECF

No. 83 ("MTD Opinion"); *Grytsyk v. Morales*, 527 F. Supp. 3d 639, 643 (S.D.N.Y. 2021).

Claims for false arrest, malicious prosecution, and malicious abuse of process remain against

thirteen individual Defendants.  *See* MTD Opinion at 27-28.[1]  Now before the Court is

Defendants' motion for summary judgment on all remaining claims.  ECF No. 157.[2]  Plaintiff

---

[1] The remaining Defendants are: Officer Anthony Morales, Shield No. 5056 ("Officer Morales");
Lieutenant Sujat Khan ("Lieutenant Khan"); Sergeant Jeffrey Murphy, Shield No. 3634
("Sergeant Murphy"); Sergeant Douglas Schack, Shield No. 3250 ("Sergeant Schack"); Officer
David Lachmenar, Shield No. 21671 ("Officer Lachmenar"); Officer Juan Desalto, Shield No.
15080 ("Officer Desalto"); Officer Brendan McGurran, Shield No. 3723 ("Officer McGurran");
Officer Ricardo DiCandia, Shield No. 18015 ("Officer DiCandia"); Officer Mathimohman
Mohandes ("Officer Mohandes"); Officer Jose Espinal, Shield No. 20735 ("Officer Espinal");
Sergeant Vincent Forlenza, Shield No. 3906 ("Sergeant Forlenza"); Officer Rahman; and Officer
Gao.  *See id.*  Although Defendants' submissions on the instant motion refer to Sujat Khan as a
sergeant, because he is identified as a lieutenant in the case caption and MTD Opinion, the Court
continues to use that title herein.

[2] Defendants also filed: a memorandum of law in support (ECF No. 160 ("Br.")); a statement of
undisputed facts (ECF No. 158 ("SOF")); a declaration from KellyAnne Holohan ("Holohan")

opposes that motion.  ECF No. 167 ("Opp.").[3]  For the reasons that follow, Defendants' motion

is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are taken from the evidence submitted in connection with

Defendants' summary judgment motion.  Unless otherwise noted, the facts are undisputed and

construed in the light most favorable to Grytsyk.[4]

---

with exhibits (ECF No. 159 ("Holohan Decl.")); a memorandum of law in reply (ECF No. 171 ("Reply")); a reply declaration from Holohan (ECF No. 172 ("Holohan Reply Decl.")); and a response to Plaintiff's statement of additional undisputed facts (ECF No. 173 ("RSOF")).

[3] Plaintiff also filed: a counterstatement of undisputed facts and additional undisputed facts (ECF No. 169 ("CSOF")); a declaration from Alan D. Levine ("Levine") with exhibits (ECF No. 168 ("Levine Decl.")); and a corrected declaration from Levine filed three days later (ECF No. 170 ("Am. Levine Decl.")).

[4] Citations to the Rule 56.1 statements incorporate by reference the record evidence cited therein. Where facts stated in a party's Rule 56.1 statement are supported by admissible record evidence, and denied by a conclusory statement by the other party without citation to conflicting admissible record evidence, the Court deems such facts as true.  *See* S.D.N.Y. Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *id.* at 56.1(d) ("Each statement by the movant or opponent . . . controverting any statement of material fact[] must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."); *Kesner v. Buhl*, 590 F. Supp. 3d 680, 690-91 (S.D.N.Y. 2022) (disregarding responses to a Rule 56.1 statement consisting of blanket denials, wholesale evidentiary objections, or citations that lack evidentiary support or rely on allegations in the complaint); *see also Scotto v. Brady*, 410 F. App'x. 355, 361 (2d Cir. 2010) ("[W]e observe that 'a district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence,' and that '[t]he principles governing admissibility of evidence do not change on a motion for summary judgment.'" (quoting *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009))).

I.     **Factual Background**

Since approximately 2010, Grytsyk has sold artwork on the sidewalk in front of 701

Seventh Avenue, between West 47th and West 48th Streets in New York City.  CSOF ¶ 1.  The

area near 701 Seventh Avenue includes stores, offices, and restaurants, and is located in the heart

of Times Square.  *Id.* ¶ 5.  The parties agree that, under New York City vending rules and

regulations, food and general vendors are prohibited from vending on Seventh Avenue between

47th and 48th Streets, on Mondays through Saturdays between noon and 8:00 p.m.  CSOF ¶ 21

(citing New York City Administrative Code ("NYCAC") §§ 17-315, 20-473; Rules of the City

of New York ("NYC Rules"), Title 6 §§ 2-310, 2-314).  General vendors are also prohibited

from "engag[ing] in any vending business on any sidewalk unless such sidewalk has at least a

twelve-foot wide clear pedestrian path to be measured from the boundary of any private property

to any obstructions in or on the sidewalk, or if there are no obstructions, to the curb."  *Id.* ¶ 4

(quoting NYCAC § 20-465).

On Monday, April 18, 2016, Grytsyk and his wife were selling their artwork at tables in

front of 701 Seventh Avenue and had an interaction with officers of the New York Police

Department, although the parties dispute exactly what occurred.  *See* CSOF ¶¶ 6-14; *see also*

ECF No. 168-2 at 24:22-25.  At the time, there was scaffolding over the sidewalk.  *Id.* ¶¶ 7-9.

According to Defendants, the combination of scaffolding and Grytsyk's table reduced the width

of the sidewalk and inhibited the flow of pedestrian traffic.  *Id.* ¶¶ 7-8.  Defendants contend that

this situation forced pedestrians to enter the street to pass by the crowd in front of Grytsyk's

table.  *Id.* ¶¶ 8-9.  Plaintiff denies that pedestrian traffic was inhibited and insists that there was

"ample room" for pedestrians to pass freely.  *Id.* ¶¶ 7-9.

Defendants claim that "sometime after 12:00 p.m." that day, Grytsyk approached Lieutenant Khan and Officer Morales while he was selling artwork from his table.  CSOF ¶ 6. Grytsyk disputes that he approached the officers and that he was selling his artwork after 12:00 p.m.  *Id.*; *see* ECF No. 168-2 at 16:2-12.  It is undisputed, however, that Lieutenant Khan and Officer Morales gave multiple orders to Grytsyk to close down his display, and that Grytsyk refused to do so.  *See* CSOF ¶¶ 10-11.  Grytsyk instead told Lieutenant Khan and Officer Morales that only a judge can decide whether he had to close his display.  *See id.* ¶ 12. According to Grytsyk, he also showed Lieutenant Khan and Officer Morales a copy of a decision that he received from the New York Environmental Control Board, indicating that he was permitted to sell his artwork in the area.  *See* RSOF ¶ 24.  Grytsyk thus maintains that it was legal for him to sell his artwork at that time and place.  *See id.*  He also insists that he never physically obstructed either Lieutenant Khan or Officer Morales.  *See id.* ¶ 25.

At Lieutenant Khan's direction, Officer Morales arrested Grytsyk at around 1:15 p.m. on April 18.  CSOF ¶¶ 13-14.  In a criminal complaint filed that same day, the New York County District Attorney charged Grytsyk with obstruction of governmental administration ("OGA") and disorderly conduct.  *Id.* ¶ 14; *see* ECF No. 160-5.  Grytsyk was released the following day at approximately 12:00 p.m.  CSOF ¶ 15.  On or about December 5, 2016, the criminal charges against Grytsyk were dismissed and sealed after the time for a speedy trial pursuant to New York Criminal Procedure Law § 30.30 had expired.  *Id.* ¶ 16.

Between June 1, 2018 and October 14, 2018, Grytsyk was served with 21 additional summonses for unlawfully vending in front of 701 Seventh Avenue by some combination of the following Defendants: Sergeant McGurran, Officer Lachmenar, Sergeant Murphy, Lieutenant Khan, Officer DiCandia, Sergeant Schack, Officer Desalto, Officer Mohandes, Officer Espinal,

Sergeant Forlenza, Officer Rahman, and Officer Gao.  *See id.* ¶¶ 17-18; ECF No. 160-7.

Eighteen of the summonses were issued on Mondays through Saturdays between noon and 7:00

p.m.  CSOF ¶ 19.  It is undisputed that the time of issuance for all 21 of the summonses issued

between June 1 and October 14, 2018 – which do not include a summons for the April 18, 2018

charges – was the same time that the officers allegedly observed Grytsyk commit the offenses

charged.  *Id.* ¶ 20; *see also* ECF No. 168-2 at 54:15-55:4.

## II.   Procedural History

Grytsyk initiated this action on April 18, 2019.  *See* ECF No. 1; *see also* Compl.  On

March 22, 2021, the Court granted in part and denied in part Defendants' motion to dismiss the

Amended Complaint, leaving the remaining claims for: (1) false arrest and (2) malicious

prosecution against Lieutenant Khan and Officer Morales based on the April 2016 incident; and

(3) malicious abuse of process against Sergeant McGurran, Officer Lachmenar, Sergeant

Murphy, Lieutenant Khan, Officer DiCandia, Sergeant Schack, Officer Desalto, Officer

Mohandes, Officer Espinal, Sergeant Forlenza, Officer Rahman, and Officer Gao based on the

21 summonses issued between June 1, 2018 and October 12, 2018.  *See* MTD Opinion.

After discovery, Defendants filed their summary judgment motion on September 12,

2022.  *See* ECF No. 157.  The case was reassigned to the undersigned on September 15, 2022.

*See* ECF No. 161.  Grytsyk opposed the motion on December 3, 2022, *see* Opp., and Defendants

filed their reply on December 22, 2022, *see* Reply.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a moving party is entitled to

summary judgment if, on any claim or defense, that party "shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. ("Rule") 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" only if it "might affect the outcome of the suit under the governing law."  *Id*.  At summary judgment, the court's task is to "discern[] whether there are any genuine issues of material fact to be tried, not to decid[e] them."  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Thus, "[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment."  *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).  The court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

## DISCUSSION

Defendants argue that summary judgment should be granted in their favor on all claims.  First, Defendants argue that Grytsyk's false arrest claim fails because probable cause to arrest existed and, even in the absence of probable cause, the officers had arguable probable cause such that qualified immunity applies.  *See* Br. at 6-11.  Second, Defendants argue that Grytsyk's malicious prosecution claim fails because probable cause to initiate suit existed, and there is no evidence of actual malice.  *See id.* at 12-14.  Third, Defendants argue that Grytsyk's malicious abuse of process claim fails because there is no evidence that he was issued summonses for an outside or collateral purpose.  *See id.* at 14-16.  Grytsyk opposes each of these arguments.  *See* Opp.  The Court will address the claims in turn.

## I.      False Arrest

For a false arrest claim under section 1983, a plaintiff must "show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal citation omitted).  With respect to the fourth element, probable cause "is a complete defense to an action for false arrest." *Id.* (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)); *see Betts v. Shearman*, 751 F.3d 78, 82-83 (2d Cir. 2014).  "Probable cause to arrest exists when the officers have reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Ackerson*, 702 F.3d at 19 (internal alternations adopted) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)).  Courts consider the "totality of the circumstances" in determining whether the "facts available to the officer at the time of the arrest and immediately before it" meet that threshold.  *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (internal citations omitted).  A false arrest claim fails if probable cause existed for *some* offense; it is irrelevant "whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006).  Where, like here, "an arrest is not made pursuant to a judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (quoting *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010)).

Even in the absence of probable cause, an officer may still prevail against a false arrest claim based on qualified immunity.  In general, qualified immunity shields public officials from

suit if "(1) their conduct d[id] not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Weyant*, 101 F.3d at 857.  A police officer is entitled to qualified immunity on a false arrest claim if the officer had "arguable probable cause" to make the arrest, meaning "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)).  "Arguable probable cause exists when 'a reasonable police officer in the same circumstances and possessing the same knowledge []as the officer in question could have reasonably believed that probable cause existed in light of well established law.'" *Savarese v. City of New York*, 547 F. Supp. 3d 305, 324 (S.D.N.Y. 2021) (quoting *Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001)).  The defendant bears the burden of proving arguable probable cause as an affirmative defense.  *See Mitchell*, 841 F.3d at 79.

Defendants argue that summary judgment should be granted in their favor on Grytsyk's false arrest claim because there was probable cause or arguable probable cause to arrest him on April 18, 2016, for three offenses under New York law: OGA, disorderly conduct, and violations of sidewalk vending regulations.  *See* Br. at 6-11.  Defendants do not contest any other elements of Grytsyk's false arrest claim.  *See id.*  As noted earlier, it is Defendants' burden to prove probable cause or arguable probable cause.  *See Mitchell*, 841 F.3d at 77, 79.  The Court will analyze the three offenses in turn.

### A.  Obstruction of Governmental Administration (OGA)

New York Penal Law § 195.05 provides that:

> [a] person is guilty of obstructing governmental administration
> when he intentionally obstructs, impairs or perverts the

8

> administration of law or other governmental function or prevents
> or attempts to prevent a public servant from performing an official
> function, by means of intimidation, physical force or interference,
> or by means of any independently unlawful act.

Thus, an OGA offense requires the "(1) prevention or attempt to prevent (2) a public servant

from performing (3) an official function (4) by means of intimidation, force or interference."

*Antic v. City of New York*, 740 F. App'x 203, 206 (2d Cir. 2018) (quoting *Cameron v. City of*

*New York*, 598 F.3d 50, 68 (2d Cir. 2010)); *see* N.Y. Penal Law § 195.05.  It also requires that

"the individual does so intentionally."  *Kass v. City of New York*, 864 F.3d 200, 207 (2d Cir.

2017); *see Shaheed v. City of New York*, 287 F. Supp. 3d 438, 449, 451 (S.D.N.Y. 2018) (stating

that the "intent requirement under § 195.05" requires "intent to prevent the public servant from

engaging in a specific official function" (internal citation omitted)).

Defendants do not analyze the individual elements of OGA in their motion.  *See* Br. at 9-

10.  Instead, they recite a series of facts that they argue collectively showed probable cause or

arguable probable cause to arrest Grytsyk for OGA.  *See id.*  Defendants state that Grytsyk "was

selling his artwork" in front of 701 Seventh Avenue on April 18, 2016, "after 12:00 p.m."  Br.

at 9; SOF ¶ 6.  They contend that both Grytsyk's "table and the scaffolding obstructed the flow

of pedestrian traffic, and pedestrians were forced, as a result, to have to walk in the street."  Br.

at 9-10.  Defendants further claim that Lieutenant Khan and Officer Morales ordered Grytsyk to

move multiple times, yet Grytsyk refused by "protest[ing] defendant Khan's order [and] saying

that a decision as to whether or not to close his display should be made by a judge only."  *Id.*

at 10.  Thus, Defendants assert that "there was probable cause to arrest Plaintiff for defendants'

Obstructing Governmental Administration because he refused to move and remained in that

location despite lawful orders to move to a different location."  *Id.*

Defendants have not met their burden to show probable cause or arguable probable cause with respect to an OGA offense because the facts are disputed or otherwise insufficient. First, Grytsyk disputes that he was selling his artwork "after 12:00 p.m." on April 18, 2016, the time at which Defendants argue that vending was not permitted under sidewalk vending regulations. CSOF ¶ 6. When asked "at approximately what time [his] interaction with the officers happened on that date," Grytsyk testified that:

> [u]sually we start working at 8:00 o'clock until noon, and noon we stop our business, everybody, all the block who is working in the place of occurrence, and between noon and 2:00 we are not operating in business. At that time before 12:00, I go to buy coffee and when I come back with the coffee the incident happened. So it's before 12:00 o'clock noon.

ECF No. 168-2 at 16:2-12; *see* CSOF ¶ 6; Opp. at 3. It is true that other evidence in the record, including other testimony from Grytsyk, suggests that his interaction with the officers (although not necessarily his vending) occurred after 12:00 p.m. *See* CSOF ¶ 6; ECF No. 168-2 at 22:16-23:3 (Grytsyk testifying that he first interacted with the officers that day "about after 12:00"). However, "[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *Fischl*, 128 F.3d at 55. Therefore, there is a genuine dispute of fact as to whether Grytsyk was selling his artwork after 12:00 p.m. on April 18, 2016.

Second, Defendants' assertion that Grytsyk's "table and the scaffolding obstructed the flow of pedestrian traffic" is also disputed. Br. at 9-10. Grytsyk denies that his table obstructed pedestrian traffic, and asserts instead that there was "ample room" for pedestrians to pass. CSOF ¶¶ 7-9. At his deposition, Grytsyk testified that pedestrian traffic at the time of the incident was "very slow" because it was a Monday and "[t]raffic is not heavy in the morning." ECF No. 168-2 at 36:17-20. When asked whether the scaffolding "ma[d]e the sidewalk seem smaller than it

10

normally is," Grytsyk said "[n]o" and stated that the sidewalk remained "the same size." *Id.*
at 37:11-15. Therefore, there is a fact dispute as to whether Grytsyk's table obstructed
pedestrian traffic.

Third, Defendants state that Lieutenant Khan and Officer Morales ordered Grytsyk
multiple times to move because he was obstructing pedestrian traffic, yet Grytsyk refused by
"protest[ing] defendant Khan's order [and] saying that a decision as to whether or not to close his
display should be made by a judge only." Br. at 10 (quoting CSOF ¶ 12). However, Defendants
do not explain why their orders to move were "authorized by law," as is required for an OGA
offense. *Gogol v. City of New York*, No. 15-cv-05703 (ER), 2017 WL 3449352, at *4 (S.D.N.Y.
Aug. 10, 2017) (stating that, for an OGA offense, "the official function being performed must be
one that was 'authorized by law'" (quoting *Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir. 1995));
*see* MTD Opinion at 12 n.2. To the extent that the orders were based on Grytsyk obstructing
pedestrian traffic or vending after 12:00 p.m., the Court has already determined that those facts
are in dispute. Thus, at most, there is an issue of fact as to whether Lieutenant Khan and Officer
Morales's orders qualified as an "official function" on the present record. *Antic*, 740 F. App'x
at 206 (quoting *Cameron*, 598 F.3d at 68).

Fourth, the Court also cannot conclude on the instant motion that the fact that Grytsyk
"protested" those orders, without more, would provide even arguable probable cause to arrest
him for OGA. Indeed, the Court rejected nearly the same theory at the pleading stage. In their
motion to dismiss, Defendants argued, as they do now, that probable cause or arguable probable
cause existed because Grytsyk "protested" the officer's order by "stating that a decision as to
whether or not his display should be closed was one that had to be made by a judge." MTD
Opinion at 11-12. The Court found that such facts, even if true, "cannot . . . even establish a

refusal to comply with an order, let alone that such refusal rose to the level of obstruction necessary for obstructing government administration." *Id.* In their instant motion, Defendants do not mention – let alone distinguish – the Court's earlier ruling in this case. *See* Br.; Reply. Although that ruling was at the pleading stage, Defendants relied on allegations, which the Court accepted as true, that are virtually identical to the evidence proffered now. That there is evidence that Grytsyk was given the same order multiple times (rather than once, as alleged in the Amended Complaint) does not elevate his conduct to an OGA offense. *See, e.g.*, *Fana v. City of New York*, No. 15-cv-08114 (PGG), 2018 WL 1581680, at *9-14 (S.D.N.Y. Mar. 27, 2018) (denying summary judgment where the plaintiff did not immediately obey eight orders to move because the defendants failed to present undisputed facts sufficient to support arguable probable cause for OGA).

Additionally, as the Court previously stated, "a finding of interference may be predicated on a defendant's refusal to obey orders to leave a premises . . . under certain circumstances," but "a mere failure 'to obey a police order, in and of itself, does not constitute a circumstance that gives rise to probable cause for an arrest for obstructing government administration. The failure to obey the order must create some other hazard or interference to rise to the level of obstruction necessary for obstructing government administration.'" MTD Opinion at 11 (quoting *Fana*, 2018 WL 1581680, at *8). As such, the fourth OGA element "'may be met where an individual's refusal to obey orders evidences an attempt to interfere with officers' efforts to address a volatile situation, such as an altercation or medical emergency,' or 'when an individual repeatedly disobeys orders to move away from a zone of danger, thereby preventing officials from performing an official function.'" *Id.* (quoting *Fana*, 2018 WL 1581680); *see Kass*, 864 F.3d at 207-10 (concluding that arguable probable cause of OGA existed where the plaintiff was

near a protest zone "confined . . . to ensure crowd control and security," was repeatedly ordered to move "to eliminate the risk that the protest might expand beyond the barricades," and "became agitated and hostile" to the police).  But it "is not satisfied . . . where the individual's refusal to obey every command to back up is merely annoying and distracting."  MTD Opinion at 11 (quoting *Fana*, 2018 WL 1581680).  Applying this standard, the Court cannot conclude that there are undisputed facts sufficient to show that Lieutenant Khan and Officer Morales had probable cause or even arguable probable cause to believe that Grytsyk prevented or attempted to prevent them from performing an official function by means of intimidation, force, or interference.  *See Antic*, 740 F. App'x at 206; N.Y. Penal Law § 195.05.

Finally, although Defendants bear the burden of showing probable cause or arguable probable cause, they do not address the "intent requirement under § 195.05" in their motion. *Shaheed*, 287 F. Supp. 3d at 451; *see Mitchell*, 841 F.3d at 77, 79.  Nor can the Court readily discern undisputed facts in the record sufficient to show that Grytsyk "inten[ded] to prevent [Lieutenant Khan and Officer Morales] from engaging in a specific official function."  *Shaheed*, 287 F. Supp. 3d at 451 (internal citation omitted).  Therefore, at most, there is a triable issue of fact as to whether there was probable cause or arguable probable cause to believe that Grytsyk had the requisite intent for an OGA offense.

For all of these reasons, drawing all permissible factual inferences in favor of Grytsyk, Defendants have not shown that there was probable cause or arguable probable cause to arrest him for OGA as a matter of law.  *See, e.g.*, *Walker v. Carrozzo*, --- F. Supp. 3d ---, 2023 WL 2664610, at *11, *18 (S.D.N.Y. Mar. 28, 2023) (denying summary judgment because the court "cannot determine as a matter of law whether Defendants had probable cause [or arguable probable cause] to arrest Plaintiff for obstructing governmental administration"); *McKinley v.*

*Crevatas*, No. 20-cv-03606 (KPF), 2023 WL 4364182, at *8 (S.D.N.Y. July 6, 2023) (denying

summary judgment because initially resisting arrest and "refus[ing] to cease screaming" at the

officers, without more, "cannot justify an arrest for obstruction"); *Fana*, 2018 WL 1581680,

at *9-14 (denying summary judgment as to an OGA offense because "there [were] material

issues of fact as to whether Defendants had probable cause [or arguable probable cause] to

believe that plaintiff intended to interfere").

### B.  Disorderly Conduct

The crime of disorderly conduct under New York Penal Law § 240.20 consists of three

elements: "(i) the defendant's conduct must be 'public' in nature, (ii) it must be done with 'intent

to cause public inconvenience, annoyance or alarm' or with recklessness as to 'a risk thereof,'

and (iii) it must match at least one of the descriptions set forth in the statute." *Provost v. City of

Newburgh*, 262 F.3d 146, 157 (2d Cir. 2001); *see* MTD Opinion at 15.

The Court rejects as forfeited Defendants' argument that there was probable cause or

arguable probable cause to arrest Grytsyk for disorderly conduct.  In their opening memorandum

of law, Defendants quote § 240.20 in one sentence, *see* Br. at 7, and then assert in a conclusory

sentence that probable cause to arrest Grytsyk for disorderly conduct existed, *see id.* at 10; *see

also id.* at 12.  Defendants do not address why there was probable cause with respect to any of

the offense elements.  Nor do they identify what sub-provision of § 240.20 they contend matched

Grytsyk's conduct, as required for the third offense element.  Even worse, the Court previously

rejected the same argument as forfeited at the pleading stage because Defendants "merely

recite[d] the elements of the crime in a single sentence . . . and then assert[ed] in conclusory

fashion that Grytsyk committed it," and Defendants have simply repeated the same deficiency

here.  MTD Opinion at 14.  Accordingly, for purposes of this motion, Defendants have forfeited

any argument that there was probable cause or arguable probable cause to arrest Grytsyk for

disorderly conduct. *See id.* (collecting cases); *see, e.g.*, *Tolbert v. Queens Coll.*, 242 F.3d 58, 75

(2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived." (internal quotation marks omitted)).  Even if

Defendants had adequately raised such an argument, the Court would deem it abandoned because

Grytsyk devotes over two pages in his opposition to arguing that Lieutenant Khan and Officer

Morales did not have probable cause or arguable probable cause to arrest him for disorderly

conduct, *see* Opp. at 6-8, 13-15, yet Defendants do not address the argument in their reply, *see*

Reply.  *See, e.g.*, *Pers. Watercraft Prod. SARL v. Robinson*, No. 16-cv-09771 (AJN), 2017 WL

4329790, at *4 (S.D.N.Y. Sept. 1, 2017) ("The Defendant does not reply to any of these

arguments in his reply brief . . . .  The argument is thus abandoned."); *In re Hoti Enters., L.P.*,

No. 13-cv-03638 (ER), 2014 WL 1244779, at *4 (S.D.N.Y. Mar. 26, 2014) ("Dedvukaj does not

address GECMC's response in his reply and is therefore deemed to have abandoned this

argument."), *aff'd*, 605 F. App'x 67 (2d Cir. 2015).

    Even if considered, the present record does not support a finding of probable cause or

arguable probable cause to arrest Grytsyk for disorderly conduct as a matter of law.  "New York

courts have interpreted [§ 240.20] to permit punishment only where the conduct at issue does

more than merely inconvenience pedestrian or vehicular traffic." *Jones v. Parmley*, 465 F.3d 46,

59 (2d Cir. 2006).  Here, Grytsyk disputes that his conduct inconvenienced traffic.  *See* CSOF

¶¶ 7-9; ECF No. 168-2 at 36:17-20, 37:11-15.  Accordingly, there is, at most, a genuine dispute

of fact as to whether Lieutenant Khan and Officer Morales had probable cause or arguable

probable cause to arrest Grytsyk for disorderly conduct.

### C.  Vending Regulations

Defendants argue that, even if there was not probable cause or arguable probable cause to arrest Grytsyk for OGA or disorderly conduct, the only offenses for which Grytsyk was actually arrested, there was still probable cause to arrest Grytsyk for violations of the vending regulations under NYCAC §§ 20-465, 20-465.1, and NYC Rules §§ 2-310, 2.314.  *See* Br. at 10-11; *see also id.* at 7-9.  Specifically, Defendants argue that Grytsyk is a "First Amendment vendor[] . . . prohibited from vending at any time and location which prohibits both food and general vendors from vending materials," and as such, he was not permitted to vend on April 18, 2016 "from noon to 2:00 p.m. and from 7 p.m. to 11 p.m."  Reply at 5-6 & n.3.  Thus, Defendants assert that there was probable cause to arrest Grytsyk for violating these regulations because he was "selling his artwork on the sidewalk at noon on Monday April 18, 2016."  Br. at 10-11.[5]

Even if the Court assumes, without deciding, that vending artwork "at noon on Monday April 18, 2016" in front of 701 Seventh Avenue would violate the vending regulations, Grytsyk disputes that he was, in fact, vending at that time.  *See* ECF No. 168-2 at 16:2-12; *see* CSOF ¶ 6.[6] Accordingly, at most, there is a triable issue of fact as to whether there was probable cause or arguable probable cause to arrest Grytsyk for violation of the vending rules and regulations.

---

[5] Defendants' opening memorandum of law also states that the vending regulations require an individual to obtain a general vendor's license, *see* Br. at 8, but Defendants never apply such a requirement to the facts of this case.  Grytsyk also explains in his opposition that he was not required to obtain such a license, Opp. at 1, and Defendants do not respond to that argument in their reply, *see generally* Reply.  Accordingly, the Court deems any argument regarding a vending license requirement waived for purpose of this motion.  *See Pers. Watercraft Prod. SARL*, 2017 WL 4329790, at *4; *In re Hoti Enters., L.P.*, 2014 WL 1244779, at *4.

[6] By omission, Defendants also appear to concede that on later dates Grytsyk was issued at least three summonses during times when vending *was permitted* under the regulations.  *See* CSOF ¶ 19.

For all of these reasons, the Court cannot conclude on the present motion that there was probable cause or arguable probable cause to arrest Grytsyk on April 18, 2016. Defendants' motion for summary judgment on Grytsyk's false arrest claim, and qualified immunity with respect to that claim, is therefore denied.

## II.     Malicious Prosecution

For a section 1983 claim for malicious prosecution, "a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (internal citations omitted). Thus, Grytsyk must show: (1) "the commencement or continuation of a criminal proceeding" by Defendants against him; (2) "the termination of the proceeding" in his favor; (3) "the absence of probable cause for the criminal proceeding"; (4) "actual malice"; and (5) a "sufficient post-arraignment liberty restraint." *Kee v. City of New York*, 12 F.4th 150, 161-62 (2d Cir. 2021) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191 (2000)); *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)). Here, Defendants argue that they are entitled to summary judgment on Grytsyk's malicious prosecution claim because there was probable cause to arrest and initiate the prosecution against him for OGA and disorderly conduct on April 18, 2016. Br. at 14; Reply at 9. Defendants also argue that the claim fails because there is no evidence that either Lieutenant Khan or Officer Morales acted with malice. Br. at 14; Reply at 9.

With respect to their first argument, Defendants merely refer back to their probable cause analysis on the false arrest claim. *See* Br. at 14; Reply at 9. Defendants do not identify any additional facts or circumstances that might provide probable cause or arguable probable cause for purposes of the malicious prosecution claim. *See* Br. at 14; Reply at 9. Accordingly, for the

reasons stated above, *see supra* Discussion § I, the Court cannot conclude at the summary judgment stage that there was probable cause or arguable probable cause for purposes of the malicious prosecution claim on this motion.

The Court also rejects Defendants' second argument.  As Grytsyk correctly states in his opposition, "lack of probable cause generally raises an inference of malice sufficient to withstand summary judgment."  *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 131 (2d Cir. 1997); *see* Opp. at 15-16.  Defendants do not seriously contest this "well-settled" and binding authority. *Harewood v. City of New York*, No. 09-cv-02874 (FB) (RML), 2012 WL 12884356, at *5 (E.D.N.Y. Feb. 10, 2012).  Grytsyk may ultimately be unable to prove malice to the trier of fact at trial.  However, based on the present record, and because a reasonable jury could find probable cause (or arguable probable cause) lacking, the Court may reasonably infer malice sufficient to withstand summary judgment.  *See Ricciuti*, 124 F.3d at 131 ("In the present case, . . . a jury could find that probable cause for the charges against the plaintiffs was lacking, and that finding alone would support an inference of malice."); *Harewood*, 2012 WL 12884356, at *5 (denying defendants summary judgment because malice could be inferred in the absence of probable cause, even where the plaintiff "faces an uphill battle in establishing this element" and "there is nothing in the available evidence that affirmatively shows that [the officer] acted with a 'wrong or improper motive'").

Accordingly, Defendants are not entitled to summary judgment on Grytsyk's malicious prosecution claim.[7]

---

[7] Defendants do not set forth any discernable argument for qualified immunity with respect to the malicious prosecution claim.  Therefore, the Court deems the argument waived.  *See Pers. Watercraft Prod. SARL*, 2017 WL 4329790, at *4; *In re Hoti Enters., L.P.*, 2014 WL 1244779, at *4.  Even if raised, based on the present record, qualified immunity from the malicious

### III.     Malicious Abuse of Process

For a malicious abuse of process claim, the plaintiff must show that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994).  "The crux of a malicious abuse of process claim is the collateral objective element. To meet this element, a plaintiff must prove not that defendant acted with an improper motive, but rather an improper purpose." *Kraft v. City of New York*, 696 F. Supp. 2d 403, 416 (S.D.N.Y. 2010), *aff'd*, 441 F. App'x 24 (2d Cir. 2011).  In other words, "[t]here must be an *abuse* of process, that is, a use of process that has as its direct object the achievement of an improper and ulterior '*purpose or objective*.'"  *Pinter v. City of New York*, 976 F. Supp. 2d 539, 568 (S.D.N.Y. 2013) (quoting *Savino v. City of New York*, 331 F.3d 63, 78 (2d Cir. 2003)).  Examples of collateral objectives include "the infliction of economic harm, extortion, blackmail and retribution."  *Brandon v. City of New York*, 705 F. Supp. 2d 261, 275 (S.D.N.Y. 2010) (citing *Bd. of Educ. v. Farmingdale Classroom Teachers Ass'n*, 38 N.Y.2d 397, 404 (1975)).

Defendants principally argue that Grytsyk's malicious abuse of process claim fails because there is no evidence that Defendants acted "in order to obtain a collateral objective that is outside the legitimate ends of the process."  *Cook*, 41 F.3d at 80; *see* Br. at 14-16.  In response, Grytsyk submitted a 24-minute video exhibit that purportedly shows Defendants telling him at

---

prosecution claim would fail because arguable probable cause is lacking and the material facts are otherwise in dispute.

Because Defendants are not entitled to summary judgment on the false arrest and malicious prosecution claims for the reasons stated herein, the Court does not reach Grytsyk's additional arguments, or consider the evidence he submitted in opposition to which Defendants object as inadmissible and untimely, with respect to these claims.

the police precinct "that the NFL Store and the Hersey Store, both of which were located at . . .
701 7th Avenue, did not want him vending his artwork in front of their establishments."  Opp.
at 12.  Based solely on this video evidence, Grytsyk asserts that Defendants issued him
summonses to improperly "drive him out of business."  *Id.* at 13.  In their reply memorandum of
law and declaration, Defendants argue that Grytsyk never produced the video during discovery,
the video is inadmissible, and Grytsyk's malicious abuse of process claim fails in any event.  *See*
Reply at 2-5, 8; Holohan Reply Decl. ¶ 3(d).

      The Court need not decide whether Grytsyk's video exhibit is admissible and should be
considered, because even if the video is considered, his malicious abuse of process claim fails on
the facts and the law.  Grytsyk asserts that "he should be allowed to prove at trial that at least one
motive for issuing him all the improper summonses . . . was to drive him out of business."  Opp.
at 13.  But Grytsyk "must prove not that defendant acted with an improper motive, but rather an
improper purpose."  *Kraft*, 696 F. Supp. 2d at 416.  Moreover, Grytsyk "must come forward with
admissible evidence sufficient to raise a genuine issue of fact" at summary judgment, not merely
proffer what evidence he might prove at trial.  *Simsbury-Avon Pres. Soc'y, LLC v. Metacon Gun
Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,
322-23 (1986)).

      Grytsyk's video does not show that an ulterior and improper purpose for issuing him
summonses was "to drive him out of business."  Opp. at 13.  At most, his video evidence
indicates that the officers in the video believed (perhaps unreasonably) that Grytsyk was vending
at an unlawful place and time; that the NFL Store, Hershey Store, and other members of the
public complained about Grytsyk vending in front of 701 Seventh Avenue; and that those
complaints were a motivating factor behind the decision to order Grytsyk to move from 701

Seventh Avenue.  *See* ECF No. 168-8.  Even drawing all permissible inferences in Grytsyk's

favor, however, the Court cannot reasonably infer from the video that Defendants issued Grytsyk

summonses to ruin his business or otherwise "obtain a collateral objective that is outside the

legitimate ends of the process."  *Cook*, 41 F.3d at 80.  Nor does Grytsyk cite any authority that

would permit such an inference under these circumstances, or any other evidence – let alone

sufficient evidence – to withstand summary judgment on this claim.  *See, e.g.*, *Kraft*, 696 F.

Supp. 2d at 416 (granting defendants summary judgment on malicious abuse of process claim

because a "plaintiff's mere reliance on his conclusory allegations" is insufficient).

Accordingly, because Grytsyk has failed to present sufficient evidence to raise a triable

issue of fact, Defendants are entitled to summary judgment on Grytsyk's malicious abuse of

process claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED in part and DENIED in

part.  Plaintiff's claim for malicious abuse of process is dismissed.  Defendants' motion for

summary judgment with respect to Plaintiff's claims for false arrest and malicious prosecution is

denied.

IT IS HEREBY ORDERED that the parties shall, within **14 days** of the date of this

Opinion and Order, file a joint letter proposing at least three mutually agreeable dates to begin a

jury trial.  The parties shall also include in such letter whether they request a referral to the

Southern District of New York's mediation program or to the Magistrate Judge for a settlement

conference.

IT IS FURTHER ORDERED that, within **45 days** of this Opinion and Order, the parties

shall submit a joint pretrial order and the additional pretrial materials specified in this Court's

Individual Rules.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 157.

Dated: September 19, 2023
      New York, New York

                             SO ORDERED.

                             JENNIFER L. ROCHON
                             United States District Judge